IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY A. BREWSTER,**

        **Plaintiff,**

    v.                          **Case No. 2:14-cv-273**
                                        **Judge Marbley**
**ARAMARK CORP.,**                 **Magistrate Judge King**

        **Defendant.**

## OPINION AND ORDER

This action was originally filed by plaintiff, an inmate at the Noble Correctional Institution ("NCI"), in the Court of Common Pleas for Noble County.  *Complaint*, ECF 2, PageID# 35-37.  Defendant removed this action pursuant to 28 U.S.C. § 1441 as a diversity action under 28 U.S.C. § 1332.  ECF 1.  This matter is now before the Court on a number of motions.

1. ***Plaintiff's Motion to Refile and Properly File Case as Civil Tort Case*, ECF 22;  Defendant's Requests to Strike, ECF 31, 32.**

Upon its removal of the case, defendant filed the civil cover sheet required by this Court, characterizing the action as a tort action involving "Other Personal Injury."  *Civil Cover Sheet*, ECF 1-2, PageID# 28.  The *Answer*, ECF 11, asserts, *inter alia*, that "[t]here are no legal bases under Sections 1983 and/or 1985 or any other constitutional provision or law entitling Plaintiff to relief as he requested."  *Id*. at ¶ 13.  Plaintiff complains that he filed this action as a "personal injury/civil tort case" but that the *Answer* improperly characterizes this action as a civil rights case.  ECF 22,

PageID# 127-28. Plaintiff asks the Court to strike the *Answer* and "to consider conduct and disciplinary sanctions against" defendant and/or its counsel "for their subversive, deceitful, and fraudulent practices and actions in so improperly filing this action – to gain the advantage of a dismissal with prejudice, as a result of deceiving the pro se plaintiff in that filing." *Id*. at PageID# 127. Plaintiff also complains that defendant's civil cover sheet was not served on him and should therefore be stricken and replaced with his "amended" civil cover sheet, which appears at ECF 18. *Id*. at PageID# 129.

Defendant opposes plaintiff's motion to re-file this action, and asks the Court to strike the motion as immaterial and containing scandalous material. *Aramark's Brief in Opposition to Plaintiff's Motion to Refile as Civil Tort Case,* ECF 31, PageID# 168-69. Defendant also moves to strike plaintiff's "amended" civil cover sheet, ECF 18, as a pleading not recognized under Rule 7 and as immaterial and redundant. *Aramark's Brief in Opposition to Plaintiff's Amended Civil Cover Sheet,* ECF 32, PageID# 171(citing Fed. R. Civ. P. 12(f)).

The civil cover sheet required by this Court serves only an administrative purpose, and "matters appearing only on the civil cover sheet have no legal effect in the action." S.D. Ohio Civ. R. 3.1(a). No civil cover sheet, therefore, affects any of plaintiff's claims or allegations. Plaintiff's request to strike the civil cover sheet filed by defendant and to re-file this action is therefore unwarranted.

Plaintiff's request to strike the *Answer* is similarly without merit. Rule 12 of the Federal Rules of Civil Procedure permits courts

to strike a pleading or portion of a pleading that contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff argues that defendant's answer should be stricken because it is false and misleading. This Court disagrees. The fact that the *Answer* refers to Section 1983 (even though the *Complaint* does not) does not render the *Answer* false or misleading, nor is plaintiff's characterization of defense counsel as deceptive and unethical well-founded. Plaintiff's request for sanctions is therefore without merit.

Defendant moves to strike plaintiff's "amended" civil cover sheet and motion to re-file. ECF 31, 32. Rule 12(f), which addresses only pleadings, is inapplicable because a motion and a civil cover sheet are not "pleadings" as defined by Rule 7(a) of the Federal Rules of Civil Procedure. *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010). Although federal courts have the inherent power to strike documents other than pleadings, *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003), this Court sees no need to strike plaintiff's "amended" civil cover sheet. Similarly, and although plaintiff's allegations of misconduct by defense counsel are wholly unsupported by the record, the Court nevertheless declines to impose the drastic remedy of striking plaintiff's filing.

In sum, the Court **DENIES** *Plaintiff's Motion to Refile and Properly File Case as Civil Tort Case*, ECF 22. The Court likewise **DENIES** defendant's requests to strike *Plaintiff's Motion to Refile and Properly File Case as Civil Tort Case,* ECF 31, and plaintiff's

3

"amended" civil cover sheet, ECF 32.

### 2. *Aramark's Motion to Strike Plaintiff's Reply to Aramark's Answer,* ECF 26.

Plaintiff filed a "reply" to the *Answer*. *Plaintiff's Reply to Answer of Aramark Correctional Services, LLC*, ECF 19. Defendant moves to strike that filing. *Aramark's Motion to Strike Plaintiff's Reply to Aramark's Answer,* ECF 26.  Plaintiff opposes that motion, contending, *inter alia*, that "he has a right, in fact a duty to so reply and to prevent harm or prejudice from being inflicted." *Plaintiff's Reply to Aramark's Motion to Strike Plaintiff's Reply to Aramark's Answer*, ECF 39, PageID# 201.

The Federal Rules of Civil Procedure do not authorize a reply to an answer that does not contain a counterclaim.  Fed. R. Civ. P. 8.  Accordingly, *Aramark's Motion to Strike Plaintiff's Reply to Aramark's Answer,* ECF 26, is **GRANTED**.  Plaintiff's reply, ECF 19, is **ORDERED STRICKEN.**

### 3. *Aramark's Brief in Opposition to Plaintiff's Notice of Damages Relief for Amended Class Action*, ECF 33.

The *Complaint*, ECF 2, PageID# 35-37, seeks declaratory, injunctive and monetary relief. Plaintiff filed a *Notice of Damages Relief for Amended Class Action*, ECF 21, in which plaintiff purports to update the amount of monetary damages sought.  *Id*.  Defendant has moved to strike that notice.  *Aramark's Brief in Opposition to Plaintiff's Notice of Damages Relief for Amended Class Action*, ECF 33.

Defendant argues that plaintiff's notice is not a pleading recognized by Rule 7 of the Federal Rules of Civil Procedure and, in light of the pendency of the *Complaint* and *Plaintiff's Motion for*

4

*Determination as Class Action under Fed. Rule 23(c)(1),* ECF 20, is immaterial and redundant.

Because plaintiff's notice is not a pleading, the filing is not subject to a motion to strike under Rule 12(f). *See Zep Inc.,* 726 F. Supp. 2d 818. Moreover, although plaintiff's notice is entirely unnecessary, the Court also declines to strike that filing.

Accordingly, *Aramark's Brief in Opposition to Plaintiff's Notice of Damages Relief for Amended Class Action*, ECF 33, is **DENIED.**

4. ***Plaintiff's Motion to Submit Exhibits,* ECF 41.**

Plaintiff proffers what is represented to be press reports relating to prison food service in Ohio. To the extent that plaintiff offers these documents for the Court's general consideration, the motion is without merit. To the extent that plaintiff may intend to offer the documents as relevant to a motion, he has failed to specify that motion.

Accordingly, *Plaintiff's Motion to Submit Exhibits,* ECF 41, is **DENIED**.

5. ***Aramark's Motion to Strike Plaintiff's Supplemental Reply to Aramark's Brief in Opposition to Plaintiff's Motion for Immediate Injunctive Relief from Injury,* ECF 49.**

Plaintiff filed a document in support of his motion for interim injunctive relief, apparently without realizing that defendant had filed a memorandum in opposition to plaintiff's motion. *Plaintiff's Reply to Absent/Not Served Motion for Interim Injunctive Relief*, ECF 27. After receiving defendant's memorandum in opposition, plaintiff filed a "supplemental reply" in support of his motion for injunctive relief, in which plaintiff made express response to defendant's

5

memorandum in opposition. *Plaintiff's Supplemental Reply to Aramark's Brief in Opposition to Plaintiff's Motion for Immediate injunctive Relief from Injury,* ECF 42. Defendant moves to strike that supplemental filing because it was filed without leave of Court. *Aramark's Motion to Strike Plaintiff's Supplemental Reply to Aramark's Brief in Opposition to Plaintiff's Motion for Immediate Injunctive Relief from Injury,* ECF 49.

Although the local rules of this Court do not ordinarily permit supplemental replies in support of a motion, S.D. Ohio Civ. R. 7.2(a)(2), because plaintiff's supplemental reply was intended to address defendant's memorandum in opposition, the Court will permit the filing of plaintiff's supplemental reply.

*Aramark's Motion to Strike Plaintiff's Supplemental Reply to Aramark's Brief in Opposition to Plaintiff's Motion for Immediate Injunctive Relief from Injury,* ECF 49, is therefore **DENIED**.

**WHEREUPON** the Court **DENIES** *Plaintiff's Motion to Refile and Properly File Case as Civil Tort Case*, ECF 22. The Court **DENIES** defendant's requests to strike *Plaintiff's Motion to Refile and Properly File Case as Civil Tort Case,* ECF 31, and plaintiff's "amended" civil cover sheet, ECF 32. *Aramark's Motion to Strike Plaintiff's Reply to Aramark's Answer,* ECF 26, is **GRANTED.** Plaintiff's reply, ECF 19, is **ORDERED STRICKEN.** *Aramark's Brief in Opposition to Plaintiff's Notice of Damages Relief for Amended Class Action*, ECF 33, is **DENIED.** *Plaintiff's Motion to Submit Exhibits*, ECF 41, is **DENIED.** *Aramark's Motion to Strike Plaintiff's Supplemental Reply to Aramark's Brief in Opposition to Plaintiff's Motion for*

*Immediate Injunctive Relief from Injury,* ECF 49, is **DENIED**.


August 6, 2014                                  *s/Norah McCann King*
                                            Norah McCann King
                                     United States Magistrate Judge