IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**GARY A. BREWSTER,**

        **Plaintiff,**

                                      **Case No. 2:14-cv-273**
  **v.**                                     **Judge Marbley**
                                      **Magistrate Judge King**

**ARAMARK CORP.,**

        **Defendant.**


**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate incarcerated at Noble Correctional Institution ("NCI"), brings this civil action for declaratory, injunctive and monetary relief in connection with defendant's food service. Plaintiff, who is proceeding without the assistance of counsel, has filed a motion asking this Court "for a determination that this civil action is a CLASS ACTION." *Plaintiff's Motion for Determination as Class Action under Fed. Rule 23(c)(1)*, ECF 20, PageID# 119 (emphasis in original).

    Plaintiff identifies three putative classes of plaintiffs: (1) "2500 similarly situated inmates at N.C.I."; (2) "All Similarly Situated ODRC Inmates in 28 Prisons Under Contract"; and (3) "The Citizens of and/or Tax-payers of Ohio." *Id*. at 2-6. Plaintiff apparently intends to represent the first two classes and explains

that movant Karl Wetherby,[1] who expects to be released from confinement at NCI on April 26, 2014, is available to represent the third putative class. *Id*. at 6.

*Pro se* prisoners cannot fairly represent a class of plaintiffs. *See*, *e.g.*, *Palasty v. Hawk*, No. 00-5840, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (6th Cir. 2000)); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)): *Holmes v. Michigan Dep't of Corrections*, 805 F.2d 1034 (Table), 1986 U.S. App. LEXIS 31550, at *6-7 (6th Cir. Oct. 1 1986). Plaintiff cannot, therefore, adequately represent a class of plaintiffs in this action. Moreover, the record does not affirmatively establish that Mr. Wetherby has been released from confinement. In any event, because he is not represented by counsel, Mr. Wetherby cannot serve as an adequate class representative.

It is therefore **RECOMMENDED** that *Plaintiff's Motion for Determination as Class Action Under Fed. Rule 23(c)(1)*, ECF 20, be **DENIED** without prejudice to renewal should counsel enter an appearance on behalf of plaintiff.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

---

[1] Mr. Wetherby has filed a motion to intervene in this action and seeks leave to proceed *in forma pauperis*. ECF 9, 10.

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


August 6, 2014                                    *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

3