IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY A. BREWSTER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-cv-273 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| ARAMARK CORP., | : | |
| | : | Magistrate Judge Norah McCann |
| | : | King |
| Defendant. | : | |

**OPINION AND ORDER**

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff Gary A. Brewster's Objection to Magistrate's 10/02/14 Report and Recommendation (hereinafter "Plaintiff's Objections") (Doc. 73), filed in response to Magistrate Judge Norah McCann King's Report and Recommendation (Doc. 69). The Magistrate Judge recommends the Court grant Defendant Aramark Correctional Services, LLC's (hereinafter "Aramark")[1] Motion for Judgment on the Pleadings for lack of standing, and further recommends that the Court deny the remaining motions, Documents 5, 9, 10, 14, 15, and 68, as moot. Upon independent review by this Court, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's **Report and Recommendation**. The Action is hereby **DISMISSED** and is **REMANDED** to the Noble County Court of Common Pleas. The motions in ECF 5, 9, 10, 14, 15, and 68 are hereby **DENIED AS MOOT.**

---

[1] Defendant avers in its Motion for Judgment on the Pleadings that its correct name is ARAMARK Correctional Services, LLC and not ARAMARK Corp., the name that Plaintiff provides in his Complaint.

1

## II.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In his Complaint filed in and removed from the Noble County Court of Common Pleas to this Court on March 21, 2014, Plaintiff contends that Defendant has failed to comply with its contract with the State of Ohio and that Aramark has defrauded taxpayers. (Doc. 2 at 1, 2, 6, 12).

Plaintiff alleges that Defendant receives $3.61 per day per inmate, but Defendant serves a significantly lower amount of inmate meals because the poor food conditions cause many inmates not to eat. (*Id.* at 2). Plaintiff also contends that under Defendant's contract with the State of Ohio, it is to operate four serving lines for each meal but it does not follow this term and causes inmates to wait an extra 30 to 90 minutes to be served food. (*Id.* at 3). Plaintiff asserts that this extra time cuts into recreation, school, and work time. (*Id.*). Further, Plaintiff has heard that Defendant is in the process of negotiating a new menu and diet with Ohio prisons that will allow it to reduce serving sizes and reduce costs. (*Id.* at 11). Plaintiff also maintains that Defendant's contract negotiations in 2013 were unethical and illegal. (*Id.*). Regarding the food that Defendant serves, Plaintiff alleges that the food fails to meet the "contracted sizes, portions, and amounts." (*Id.* at 12). Plaintiff also alleges that Defendant serves food that fails meet the contracted quality, including over-cooked vegetables, watered-down oatmeal, and unchewable meat. (*Id.* at 13). Plaintiff further contends that Defendant fails to maintain sanitary serving trays and utensils, due to dish washers that are broken and infestations in the food preparation areas. (*Id.* at 15). Finally, Plaintiff alleges that Defendant has previously served outdated milk, and that the institutional inspector "created [his] own policy, 'that milk is good ten days after its expiration date.'" (*Id.*).

Based on the above, Plaintiff seeks several injunctive remedies along with damages. Plaintiff requests the court to: (1) direct Noble Correctional Institution (hereinafter "NCI") to verify the count of inmates at each meal (*Id.* at 2); (2) direct NCI Administration officials "to inform the Court or the Court's appointed mediator" of the failure to operate four serving lines for each meal (*Id.* at 3); (3) direct the "State-dietician" to scrutinize any new menu and appoint a Court overseer to ensure proper quantities and recipes are being followed (*Id.* at 11); (4) direct the "County Prosecutor, Ohio Attorney General, or the Federal authorities" to investigate Aramark's contract with the state (*Id.* at 12); (5) direct the Ohio Department of Rehabilitation and Corrections (hereinafter "ODRC") to produce exact and approved menus with volume and weight measurements (*Id.*); (6) request that the terms of Aramark's contract with its food providers be disclosed (*Id.* at 14); (7) order the health department and court-appointed inspectors to inspect serving trays (*Id.* at 15); (8) order that no outdated milk be served (*Id.*); (9) direct NCI staff take "sample trays" from inmates to investigate the serving conditions (*Id.* at 10); and (10) order Aramark to pay to Brewster $3.61 per day, along with punitive damages, equaling three times the $3.61 per diem amount. (*Id.* at 6). Plaintiff also requests "similar relief" for "[a]ll similarly situated persons" and the "taxpayers and citizens of this State who pay said contract costs." (*Id.*).

Defendant Aramark filed its Answer to the Complaint on April 14, 2014 after receiving a time extension to respond to the Complaint. (Doc. 13). Plaintiff subsequently filed a Motion to Issue Immediate Injunctive Relief to Avoid Prison Physical Unrest and Serious Injury (Doc.5), and Motions to Join Civil Action have been filed by Movants Karl C. Wetherby, Joseph Rickard, and Johnathan E. Kiste. (Docs. 9, 14, 15). Movant Wetherby also filed a Motion for Leave to Proceed In Forma Pauperis. (Doc. 10). Defendant filed its First Motion for Judgment on the

3

Pleadings (Doc. 29) on May 12, 2014, and filed its Second Motion for Judgment on the Pleadings (Doc. 68) on October 2, 2014.

Defendant's First Motion for Judgment on the Pleadings asserts that Plaintiff does not have standing to bring his claim because he cannot prove injury-in-fact, and even if he can prove this injury he cannot prove causation or redressability. (Doc. 29 at 1). Defendant further contends that Plaintiff does not have taxpayer standing to pursue his claim. (*Id.* at 5-6).

Plaintiff responded to Defendant's motion by stating that the improper quality, quantity, nutrition and serving size are enough to cause injury, and his injury-in-fact is malnutrition. (Doc. 44 at 1-3). Plaintiff also highlighted the potential injury that could arise from "physical unrest." (*Id.* at 3). Plaintiff went on to assert that Defendant signed the contract with the State of Ohio, and is "directly if not solely responsible" for menu and diet changes causing his injury. (*Id.* at 5). Plaintiff also contends that injunctive relief granted by the Court and a jury's accountability is the only means of redress. (*Id.*). He clarified that he never sought taxpayer status, but instead wants all inmates from Ohio's twenty-eight prisons, along with taxpayers, to be allowed to join the action. (*Id.* at 6).

Defendant's Reply Brief in Support of its First Motion for Judgment on the Pleadings continues to assert that Plaintiff does not have standing to bring his claims. (Doc. 54). It contends that potential injury to the prisoners or the staff due to unrest is speculative and does not confer an injury-in-fact sufficient for standing. (*Id.* at 3). Further, Defendant highlights the fact that Plaintiff's requested remedies do not require action on behalf of Defendant, but rather toward a host of other parties not parties to this case. (*Id.* at 5). As such, Defendant argues that Plaintiff has not proven the causation element as it relates to Aramark. (*Id.*). Defendant also alleges that the monetary damages sought by Plaintiff will not produce better meals so as to

4

redress any alleged injury he suffers. (*Id.*). Finally, Defendant asserts that there is, in fact, no taxpayer standing in this case, and a prisoner cannot have standing for a lawsuit "involving the contract between the State of Ohio, its prison system, and Aramark." (*Id.* at 6).

In her Report and Recommendation, Magistrate Judge King finds Defendant's arguments persuasive. (Doc. 69 at 9). She agrees that "plaintiff complains generally of the 'injury of malnutrition' but he does not allege that he, in fact, personally suffered from malnutrition or that he personally suffered from any other concrete injury resulting from the allegedly deficient food service." (*Id.*). Magistrate Judge King cites to several prisoner cases that plainly asserted injury from a prison condition but failed to state a concrete injury. (*Id.* at 10). She concludes that Plaintiff has not established injury, but moves on to discuss the third element of standing. (*Id.* at 11).

Magistrate Judge King reasons that even if Plaintiff had or could prove injury, he cannot prove the redressability element. (*Id.*). Because Plaintiff seeks orders against persons who are not a part of the litigation and seeks monetary damages from Defendant without explaining how the money will redress his alleged injuries of malnutrition and physical unrest at the prison, he does not have standing. (*Id.* at 12). Magistrate Judge King further emphasizes Plaintiff's statement that injunctive relief is the "only means" to "stop the injuries." (*Id.* at 12) (quoting Doc. 44 at 5).

Magistrate Judge King finally concluded that Plaintiff lacks taxpayer standing based on his own concession, and he cannot seek redress for a third party if he has not suffered a concrete, actual injury himself. (*Id.* at 13). She also concluded that a *pro se* prison inmate "may not pursue a class action based on prison conditions." (*Id.*). Based on the foregoing, Magistrate Judge King

5

recommends that Defendant's motion be granted and further recommends that the remaining motions pending in ECF 5, 9, 10, 14, 15, and 68 be denied as moot.

Plaintiff objected to the Magistrate's Report and Recommendation by alleging that malnutrition is, in itself, an injury. (Doc. 73 at 3). He also states that physical unrest is not speculative because it took place in other Ohio prisons. (*Id.* at 4). Plaintiff further objects to the "higher standard" in Federal Court and requests that the action be moved back to Noble County for the lower standard to be applied. (*Id.* at 1-2). He alleges that redressability was not an issue when his case was in Noble County and it should not be a factor now. (*Id.* at 4).

In response to this objection, Defendant asserted that because Plaintiff failed to object to a specific part of the Magistrates' Report and Recommendation, his general objection is equivalent to no objection at all. (Doc. 74 at 2-3). As such, Defendant restates its desire for the Court to adopt the Magistrate's Report and Recommendation.

### III.    STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue*

6

*Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'"  *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 544, 127 S. Ct. at 1964.  A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S at 556).  A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

This Court has conducted a *de novo* review of the record in this case, as required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b).[2]  Upon a party's dispositive

---

[2] If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

motion, the magistrate judge must enter a recommended disposition. Fed.R.Civ.P. 72(b)(2). If a party objects within 14 days of being served a copy of the recommended disposition, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(2)-(3); *see also* 28 U.S.C. § 636(b)(1). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV.   ANALYSIS

To properly bring a claim in federal court, a plaintiff must have standing. *See Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). At a minimum, the plaintiff must have injury-in-fact, causation, and redressability. *ACLU v. NSA*, 493 F.3d 644, 659 (6th Cir. 2007) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102-103).

Injury-in-fact must be concrete, particularized, and actual or imminent, not conjectural or hypothetical. *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Whitmore*, 495 U.S. at 155. As the Magistrate Judge correctly cites, prisoners who have alleged injury from mold in the living quarters or insufficient meals served at a correctional institution have failed to meet the injury requirement where they did not identify specific symptoms, side effects, or evidence of an injury. *See, e.g.*, *Reynolds v. Herrington*, No. 4:13CV-P132-M, 2014 WL 1330190, at *13-15 (W.D. Ky. Apr. 1, 2014) (mold in the living quarters is speculative injury); *Voorhees v. Huber*, No. 1:10CV-76-M, 2010 WL 3211046, at *6 (W.D. Ky. Aug. 12, 2010) (claimed injury as result of mold is speculative without symptoms); Stanfield v. Thompson, No. 4:12CV-P54-M, 2012 WL 3161293, at  *10 (W.D. Ky. Aug. 3, 2012) (insufficient meals is not an injury without alleging

---

is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

physical injury); *Price v. Rees*, No. 5:06CV-P186-R, 2007 WL 2461674, at *12 (W.D. Ky. Aug. 23, 2007) (failing to allege any ill side effects resulting from the food evinces the lack of injury).

Here, however, Plaintiff has alleged malnutrition. (Doc. 44 at 1-3). His complaint states more than bare facts relating to the meals served or serving utensils used. Construing the complaint in the light most favorable to the non-moving party, accepting all factual allegations as true, and making reasonable inferences in favor of the non-moving party, it is plausible that inadequate food would lead to an ailment such as malnutrition. Thus, Plaintiff has sufficiently pled his injury.

In contrast, Plaintiff's assertion of possible physical unrest is too speculative. The fact that riots have occurred in other prisons does not make the possibility of a riot at Noble Correctional Institute any more concrete. The injury complained of must have actually occurred or affected the Plaintiff personally, or else the injury is insufficient for standing purposes. *See Lujan*, 504 U.S. at 560.

Although Plaintiff sufficiently pled injury, he cannot meet the element of redressability. To meet this element of federal standing, the relief sought must have the ability to rectify the injury suffered. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (stating that "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court."). Here, Plaintiff seeks payment of $3.61 per day that he alleges Defendant unfairly receives, given the amount of meals actually served each day. C*omplaint* at 6, 12-14. He has not proven, however, how this payment will redress his alleged injury of malnutrition. Moreover, Plaintiff seeks a host of injunctive relief against persons and entities that are not part of this action, including NCI, the state dietician, the county prosecutor and Ohio Attorney General, the ODRC, and the health department. *Id.* at 2-3, 10-12, 14-22. The Court does not have jurisdiction to

9

enter a judgment against a non-party.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party."); *In re NAACP, Special Contribution Fund,* 849 F.2d 1473 (6th Cir. 1988).  Therefore, the redressability element is not met and Plaintiff does not have federal standing to bring this claim.

Had Plaintiff brought a claim against a specific prison official alleging that prison conditions deprive him of human needs under §1983 or the Eighth Amendment, he likely would have had standing.  *See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294 (1991) (prisoner-plaintiff's claims under § 1983 and the Eighth Amendment, alleging overcrowding, unsanitary dining facilities and food preparation, etc. remanded for further determination regarding prison officials' mental state); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996) (prisoner's claims of pest infestation, obstruction of mail, inadequate food, and lack of recreation were sufficient to withstand a motion to dismiss for failure to state a claim); *Ramos v. Lamm*, 639 F.3d 559 (10th Cir. 1980) ("[T]he State must provide an inmate with a 'healthy, habilitative environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.").

Plaintiff further lacks taxpayer standing to bring claims for fraud as alleged in Plaintiff's Complaint.  Not only has he conceded the fact that he does not have such standing, but Plaintiff cannot seek redress for a general injury allegedly suffered by third parties; he can only assert his own legal rights.  *See Plaintiff's Response*, Doc. 44 at 6; *Warth v. Seldin,* 422 U.S. 490, 499 (1975); *Dodson v. Wilkinson*, 304 Fed. App'x. 434, 438 (6th Cir. 2008).  Moreover, a *pro se* inmate may not pursue a class action based on prison conditions.  *Dodson*, 304 Fed. App'x at

10

438; *Palasty v. Hawk*, 15 Fed. App'x 197, 200 (6th Cir. 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (6th Cir. 2000)).

Where the party asserting its claim cannot meet all three elements of standing, the claim must be dismissed for lack of subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich*, 505 F.3d 598, 607 (6th Cir. 2007). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. 1447 (West 2011). Because Plaintiff does not meet redressability element of federal standing, this case must be dismissed, and it will be remanded to the state court for further proceedings as requested by Plaintiff in his objection (Doc. 73 at 1).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's claims are **DISMISSED**. Because this Court no longer has subject matter jurisdiction over this case, the case is hereby **REMANDED** to the Noble County Court of Common Pleas. Motions in ECF 5, 9, 10, 14, 15, and 68 are hereby **DENIED AS MOOT.**

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: March 2, 2015**